UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTURO CARAVANTES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> 53RD STREET PARTNERS, LLC, d/b/a REMI RESTAURANT, and OSCAR VELANDIA, <br><br> Defendants. | Civil Action No. 09 CV 7821 |

### AFFIDAVIT OF ARTURO CARAVANTES IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' <u>MOTION FOR SUMMARY JUDGMENT</u>

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NEW YORK   )

ARTURO CARAVANTES, being duly sworn, hereby deposes and says:

1. I am a former employee of Remi Restaurant ("Remi"). I was employed by Remi from approximately July 1991 until August 11, 2008. During my time at Remi, I first worked as a delivery person, then as a busboy, and from approximately 1997 until my termination, I worked as a coffee station operator.

2. In approximately 2005, Oscar Velandia began to sexually harass me by touching me inappropriately and making sexually suggestive comments.

3. Several times a week, Velandia would brush up against me and grab my genitals. He regularly made comments to me such as "let me suck it." I asked Velandia to stop his verbal and physical harassment but he persisted. Beginning in 2006, Velandia began to grab my genitals on an almost daily basis.

4. In approximately April 2006, Velandia began to demand that I allow him to perform oral sex on me. I resisted but, because I believed that if I did not submit to Velandia's demands I would suffer adverse work consequences and possibly lose my job, I eventually submitted to Velandia's demands. Velandia performed oral sex on me on an almost daily basis from 2006 until 2008.

5. In approximately May 2006, when I began working the closing shift at Remi, Velandia would sometimes call me at the restaurant and ask questions to determine if I was alone. If I was, Velandia would return to the restaurant and demand that I engage in anal sex with him. Velandia continued to make such demands until late 2007 or early 2008.

6. Velandia promised to help me become a waiter but only if I submitted to his sexual demands. I believed that I would not become a waiter if I did not submit to Velandia's harassment.

7. On or about October 11, 2007, Ben Ranieri, a waiter at Remi inappropriately touched my genitals.

8. I complained about Ranieri to Francesco Pistorio, Remi's general manager. Pistorio said to me that the touching may have occurred by accident. I told Pistorio that Ranieri had, in the past, sexually harassed other employees at Remi.

9. To my knowledge, no action was taken by Remi's management to address my harassment by Ranieri.

10. In March 2008, I contacted the New York State Division of Human Rights ("NYDHR") by telephone. I then went alone to the NYDHR office where I filled out a form and was interviewed in Spanish by a social worker and an assistant.

11. During the interview, I told NYDHR that I complained to Pistorio about Ranieri touching me and that I had told Pistorio about other times that Ranieri had touched other employees in sexual manner.

12. On or about March 10, 2008, I filed a verified complaint with the NYDHR in which I alleged sexual harassment by 53rd Street Partners LLC and Ranieri. I was not represented by counsel at that time and I filed the complaint without the assistance of counsel.

13. I did not mention Velandia's harassment in my March verified complaint with the NYDHR because I was afraid that Velandia would retaliate against me if I complained. Specifically, I was afraid that if I complained about his harassment, Velandia would have me fired or have my shifts or work hours decreased.

14. Over the previous three years, I had witnessed Velandia assuming more responsibility in the restaurant to the point where he was functioning as Pistorio's assistant manager.

15. On one occasion, Pistorio told me that he had fired another Remi employee because the employee had complained about Velandia. Pistorio told me that anyone who complained about Velandia could be fired.

16. After the March verified complaint with the NYDHR was filed, no one from Remi interviewed me about my allegations of sexual harassment.

17. Around the time I filed my March verified complaint with the NYDHR, I told Velandia that he should never touch me again.

18. Despite my warning, Velandia continue to sexually harass me. He continued to approach me and try to grab my genitals and make inappropriate comments until approximately July 2008.

19. In June or July of 2008, Velandia began to cut my hours by sending me home early even though there I still had work to do. I had to punch out and I would not get paid for the hours I did not work. I believe that Velandia cut my hours because I told him never to touch me.

20. In an interview with NYDHR social worker Maria Torres in August 2008, I raised the issue of Velandia's sexual harassment of me, including the fact that he had coerced me into having oral sex and sex with him.

21. Staff at NYDHR encouraged me to make a formal complaint asserting sexual harassment claims against Velandia.

22. On August 11, 2008, I was fired from Remi. I believe that Velandia made disparaging comments about me to Remi management because I resisted his sexual harassment and that these comments were a cause of my termination.

23. I retained counsel around December 2008.

24. On or about January 15, 2009, with the assistance of counsel, I filed a charge of discrimination with the Equal Employment Opportunity Commission against 53rd Street Partners LLC in which I described the sexual harassment to which Velandia subjected me.

25. On or about June 4, 2009, with the assistance of counsel, I filed an amended complaint with the NYDHR against 53rd Street Partners LLC, as well as

Velandia and Ranieri as aiders and abettors, in which I described the sexual harassment to which Velandia and Ranieri subjected me.

26. This affidavit has been translated into Spanish and read to me by Arianny Mejia. I understand what is stated in this affidavit and I agree with its contents.

_____
Arturo Caravantes

Sworn to before me this
17th day of June, 2011

_____
Notary Public

ALEX SOUZA
Notary Public, State of New York
No. 01SO6199477
Qualified in New York County
Commission Expires January 12, 2013

- 5 -